UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES EDISON,

    Petitioner,

                                  Case No. 8:07-CV-1217-T-17EAJ

v.

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER ON DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS

This cause is before the Court on Petitioner Edison's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition attacks Edison's conviction for trafficking in cocaine in Case No. 2002-CF 2058, arising out of charges filed in the Sixth Judicial Circuit in Pinellas County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **DENIED**.

## PROCEDURAL HISTORY

On September 1, 2004, the State Attorney filed an Information charging Edison with one count of trafficking in cocaine weighing between 200 and 400 grams. (Exh. 1). On March 13, 2006, Edison appeared for a change of plea hearing before Honorable Linda R. Allan, Circuit Judge. (Exh. 2). Douglas Prior represented Edison. Edison pled guilty pursuant to a written plea agreement that included a seven-year sentence. In accordance with the plea agreement, the state

1

trial court sentenced Edison to a seven-year minimum mandatory prison sentence. (Exh. 3). Edison did not pursue a direct appeal.

On November 20, 2006, Edison filed a *pro se* Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure Rule 3.850. (Exh. 4). Edison raised seven grounds for relief, asserting trial counsel was ineffective for: (1) failing to file a motion to dismiss on the basis of due process violations; (2) failing to inform Edison of the elements of the offense; (3) failing to inform Edison that his mere presence at the scene of the crime, his knowledge that a crime was being committed, and his flight from the scene of the crime was insufficient to sustain a conviction; (4) failing to question Edison regarding the facts of the case; (5) failing to inform Edison that if he went to trial and testified he would be entitled to two appropriate jury instructions; (6) failing to investigate evidence tampering; and (7) failing to object to the lack of factual basis to sustain his plea. (Exh. 4). On January 9, 2007, the state trial court issued a written order, with record attachments, summarily denying Edison's Rule 3.850 motion. (Exh. 5). Edison appealed the adverse ruling. Neither party filed additional briefs. On April 11, 2007, in Case No. 2D07-335, the Second District Court of Appeal filed a per curiam unwritten opinion affirming the denial of postconviction relief. (Exh. 6). *Edison v. State*, 2007 Fla. App. LEXIS 5441 (Fla. 2d. DCA 2007). Edison filed a motion for rehearing, rehearing en banc, motion to certify conflict and/or to write an opinion on April 30, 2007. (Exh. 7). The court denied Edison's *pro se* motion on June 4, 2007. (Exh. 8). The mandate was issued on July 25, 2007. (Exh. 9).

Edison originally filed an undated § 2254 petition in the Fort Myers Division on July 10, 2007 (Doc. 1). The petition was transferred to the Tampa Division on July 11, 2007. (Doc. 5). This Court dismissed the petition without prejudice on July 13, 2007; Edison filed the instant

amended petition on January 15, 2008. (Doc. 6, 14). The petition was timely. Edison raises three claims of ineffective assistance of trial counsel in the amended petition.

## GOVERNING LEGAL PRINCIPLES

### *STANDARD OF REVIEW UNDER THE AEDPA*

Because Edison filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. *Lockyer v.*

3

*Andrade*, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 125 S.Ct. 1432, 1438 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown*, 125 S.Ct. at 1439. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1);

*Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir.2003). In addition, a petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). *Williams*, 529 U.S. at 433-34.

## *STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS*

Edison raises three claims of ineffective assistance of counsel in the instant petition. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. "[T]o state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

To prevail on a claim of ineffective assistance of counsel, Edison must satisfy both prongs of the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"). First, Edison must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Strickland*, 466 U.S. at 687-88. Second, Edison must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a

probability that is sufficient to undermine confidence in the outcome of the proceedings. *Id.* To establish prejudice, Edison must show that his attorney's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998); *Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

## DISCUSSION

### I. Petition is Barred by *Tollett*

Edison's petition is barred by entry of his voluntary guilty plea. It is well-established state and federal law that guilty pleas waive all but jurisdictional claims up to the time of the plea. *See United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); *Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.1991); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (finding a plea of guilty is a waiver of

several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial).

The waiver by plea includes claims of ineffective assistance that do not implicate the validity of the plea. *See Wilson v. United States*, 962 F.2d 996 (11th Cir.1992) (pre-plea ineffectiveness waived); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights). By entering a voluntary guilty plea, a defendant relinquishes the right to a jury trial, to assistance of counsel, to raise a defense, and to confront his or her accusers. *See Boykin*, 395 U.S. at 242-44; *Broce*, 488 U.S. at 573 (relinquishment derived not from inquiry into defendant's subjective understanding of range of potential defenses, but from admissions necessarily made upon entry of voluntary guilty plea).

In the instant case, Edison does not directly claim his plea was involuntary. Rather, he claims ineffective assistance of counsel on three grounds. The issues Edison raises in the federal petition concern complaints of errors by defense counsel occurring prior to the entry of the plea and are not connected with the intelligent, knowing, and voluntary nature of the plea itself. Consequently, these grounds are barred and do not warrant habeas corpus relief. Petitioner has not shown cause and prejudice to overcome the procedural bar, nor has he demonstrated that he meets the requirements for the fundamental miscarriage of justice exception.

## II. Petition Fails to Satisfy the Prerequisites of 28 U.S.C. § 2254 (d) and (e)

### *GROUND ONE*

Edison alleges trial counsel was ineffective for failing to file a pre-trial motion to dismiss the trafficking charge. Petitioner claims his right to due process was violated when the police

entrapped Edison into committing the drug trafficking offense. The state trial court rejected this claim:

> Defendant claims counsel was ineffective for failing to file a motion to dismiss on the basis of due process violations. Although defendant's claim is somewhat unclear, it appears he is claiming that law enforcement should have taped initial conversations between the defendant and a confidential informant. Defendant further claims that by failing to record the conversation, defendant was deprived of the entrapment defense. This claim is without merit. Defendant fails to allege any specific assertions as to why a motion to dismiss should have been filed other than the general allegation that law enforcement failed to tape conversations between him and the confidential informant. Issues regarding the taping of the initial conversations should have been raised at a trial and do not constitute a basis for a dismissal of the charge.

Exh. 5 at p. 2.

Petitioner is not entitled to relief on ground one because the state court decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## *GROUND TWO*

Edison alleges trial counsel was ineffective for failing to question Edison regarding the facts of the case before he entered his guilty plea. Edison claims that had counsel questioned him, counsel would have raised a defense of entrapment. The state trial court denied relief:

> Defendant claims counsel was ineffective for failing to question him regarding the facts of the case. Defendant claims had counsel questioned him he would have discovered the possible defendant [sic] of entrapment. As discussed [earlier], the entrapment defendant [sic] was not likely to prevail at trial.
>
> Defendant additionally argues that the entrapment defendant [sic] should have been pursued because the confidential informant had been indicted on federal charges and was working as a confidential informant in order to mitigate his sentence. This information does not establish an entrapment defense.

Exh. 5 at p. 3.

This claim fails under the prejudice prong of *Strickland* and under the deferential AEDPA standards. First, it is objectively reasonable to conclude Edison failed to demonstrate that there was a reasonable probability of a different outcome had counsel raised an entrapment defense. Second, Petitioner is not entitled to relief on ground two because the state court decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## *GROUND THREE*

Edison alleges trial counsel was ineffective for failing to investigate evidence tampering and the lack of a factual basis to sustain the guilty plea. The state court summarily denied Edison's allegation of evidence tampering:

> Defendant claims counsel was ineffective for failing to investigate evidence tampering. This claim is without merit. As defendant states in his motion, this information was available in the police report. Defendant should have raised this issue prior to entering a plea. Defendant states in his motion that the court asked if he had reviewed possible defense[s] with his counsel and he answered that he had. Defendant waived any claims of evidence tampering when he entered his plea.

Exh. 5 at pp. 3-4.

Petitioner is not entitled to relief on this ground because the state court decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The state trial court also rejected Edison's argument that counsel failed to investigate the lack of factual basis to sustain a plea:

> Defendant claims counsel was ineffective for failing to object to the lack of a factual basis to sustain his plea. Defendant claims the facts did not support a

> trafficking charge, and at most, supported an attempted trafficking charge. The complaint clearly indicates defendant was in possession of 238 grams of cocaine, which he purchased for $5,500.00. *See Exhibit D: Complaint*. Clearly there was a sufficient basis to sustain the plea; therefore, defendant did not incur any prejudice by counsel failing to object.

Exh. 5 at p. 4.

According to *Strickland*, Edison must show not only that counsel's performance was deficient, but also that counsel's alleged deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 697. Edison fails to show that his attorney's performance was deficient in this case. Moreover, Edison cannot show that he was prejudiced by such actions because he does not allege that he would have rejected the State's plea offer and would have proceeded to trial but for counsel's alleged errors. Absent a showing of prejudice, a claim of ineffective assistance of counsel cannot succeed because the requirements of *Strickland* remain unsatisfied. *Id*. Accordingly, Petitioner is not entitled to relief on this ground because the state court decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the Court orders:

That Edison's petition is **DENIED**. The Clerk is directed to enter judgment against Edison and to close this case.

### Certificate of Appealability and Leave To Appeal in Forma Pauperis Denied

**IT IS FURTHER ORDERED** that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has

made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE and ORDERED in Chambers in Tampa, Florida this 22nd day of July 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record